# United States District Court Eastern District Of Michigan Southern District

UNITED STATES OF AMERICA
Plaintiff:
      Case No 24-cr 20667
V.

D-2 JOHN BRYANT
Defendant



# Motion to remove GPS monitoring tether

Now comes the Defendant John Bryant (pro se) respectfully requesting this honorable court pursuant to 18 U.S.C € 3142(c) to modify the conditions of release and remove the requirement of GPS/electronic monitoring. In support of this motion, Defendant states as follows:

1. Introduction

The Bail Reform Act requires that the court impose the "least restrictive" conditions necessary to reasonably assure a defendant's appearance and the safety of the community. 18 U.S.C € 3142(c)(1)(B) Here the record demonstrates that Defendant has consistently complied with all terms of pretrial supervision, is not a flight risk, is not a danger to the community, and has in fact proven to be a positive and contributing member of the community. Pretrial services has likewise recommended that defendant be released on his own recognizance without GPS tethering.

II. Factual Background

1. Defendant was released on December 23 2024 subject to certain conditions, including GPS tether monitoring.
2. Since release, Defendant has demonstrated full compliance with all conditions:

No violations or infractions reported by Pretrial Services;

Consistent reporting as required;

Negative drug/alcohol test;

Has maintained stable residence and full time employment, also works with youth 3 days a week boxing training and Friday runs a mentoring group for young men

3. Defendant has established strong positive ties to the community including, Heading a scholarship funding/mentoring organization, employment, family obligations, and community service.

4. GPS monitoring while initially imposed out of caution, has proven unnecessary given Defendant's proven reliability, compliance, and community engagement.

### III. Legal Standard

Under 18 U.S.C € 3142 detention or restrictive conditions are appropriate only where necessary to reasonably assure a defendant's appearance and safety of others. The statute explicitly directs courts to impose the least restrictive conditions. See United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (en banc) (noting that conditions must not be excessive and must be tailored to actual risk)

Courts across jurisdictions have recognized that electronic monitoring is a significant restraint on liberty and is not justified where a defendant demonstrates compliance stability and community support . See United States v. Xulam, 84 F.3rd 441,443 (D.C. Cir. 1996) Modification warranted when conditions are more restrictive than necessary.

### IV. Argument

No Flight Risk: Defendant has strong family ties and support, and full time employment. Community ties are extremely strong and essential to changing young men's lives for the better. Mr Bryant has never failed to appear for any proceeding.

Mr Bryant poses no danger to the community but in contrast is a community asset. He has no record of violence and has been fully compliant with supervision.

Pretrial services Recommendation: The supervising agency-the neutral party charged with monitoring compliance has expressly recommended release on recognizance without GPS tethering. This recommendation carries significant weight. Due to Defendant demonstrating reliability he poses neither a flight risk nor a danger, continued GPS monitoring is unnecessary and overly restrictive.

### V. Relief Requested

Wherefore Defendant respectfully requests that this court grant his motion to modify conditions of release by removing the GPS tether requirement and order that defendant remain released on his own recognizance with standard conditions of Pretrial release.

Respectfully submitted,

September 8, 2025    9/10/25
John Bryant (Pro Se)

18440 Fairfield
Detroit MI 48221
414 317-0813