United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 24-cr-20667

v.

Hon. Denise Page Hood

Dominque Glenn,

Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Dominque Glenn, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Counts of Conviction**

The defendant will plead guilty to Count 5 and Count 8 of the Indictment. Count 5 charges the defendant with Possession of Cocaine with Intent to Distribute under 21 U.S.C. § 841(a)(1). Count 8 charges the defendant with Conspiracy to Commit Money Laundering under 18 U.S.C. § 1956(h).

**2.    Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 5 | Term of imprisonment: | Up to 20 years |
|---|---|---|
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | At least 3 years, up to life |
| Count 8 | Term of imprisonment: | Up to 20 years |
| | Fine: | $500,000 or twice the value of funds involved |
| | Term of supervised release: | Up to 3 years |

**3.    Elements of Counts of Conviction**

The elements of Count 5 are:

1.  The defendant knowingly and intentionally possessed a controlled substance, specifically cocaine; and

2.  The defendant intended to distribute the cocaine.

The elements of Count 8 are:

1.  Two or more persons conspired or agreed to commit the offense of money laundering (as defined in 18 U.S.C. § 1956).

2.  The defendant knowingly and voluntarily joined the conspiracy.

3.  An individual conducted or attempted to conduct a financial transaction (as defined in 18 U.S.C. § 1956(c)(4)).

4.  The financial transaction involved property that represented the proceeds of drug trafficking.

5.  The defendant knew the property involved in the financial transaction represented the proceeds from some form of unlawful activity.

6. The defendant knew the transaction was designed in whole or in part to conceal or disguise the nature, source, ownership, or control of the drug trafficking proceeds.

## 4.  Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant knowingly possessed cocaine with intent to distribute it in the Eastern District of Michigan. On September 15, 2023, law enforcement observed the defendant meet with Brian Brown at a condo in West Bloomfield, Michigan. There, Brown loaded multiple bags into the defendant's car. Law enforcement stopped the defendant after she left the West Bloomfield condo and located approximately 3 kilograms of cocaine hidden in a trap compartment under a rear passenger seat. The defendant intended to distribute these drugs to other members of the conspiracy, as charged in Count 1 of the indictment.

Further, as part of relevant conduct, the defendant knowingly conspired with others to distribute and possess with the intent to distribute cocaine and fentanyl in the Eastern District of Michigan and elsewhere between October 2020 and March 31, 2024, as contained in Count 1 of the Indictment. The defendant agrees that the total amount of narcotics attributable to her based on her own conduct, or conduct

of other co-conspirators reasonably foreseeable to her, is 8 kilograms of cocaine and 989 grams of fentanyl.

Additionally, between October 2020, and March 31, 2024, the defendant knowingly conspired to launder drug proceeds by various methods designed to conceal the ownership, source, nature, and control of the proceeds of drug trafficking. Text messages and receipts from Moneygram, recovered during a search of the defendant's phone, revealed that the defendant frequently deposited drug proceeds into various accounts for Brown and also wired drug proceeds to unknown individuals in Mexico and elsewhere at Brown's direction. The defendant was aware at the time she engaged in these transactions that the money involved came from selling drugs. She used her accounts and engaged in these transfers as part of a plan with her co-conspirators to make the transactions appear to involve legally acquired money and the source and true ownership of the funds harder to detect.

## 5. Advice of Rights

The defendant has read the indictment, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

6.    **Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her convictions here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her convictions here may include, but are not limited to, adverse

effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her convictions.

**7.    Safety Valve**

The defendant understands that she will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that she has satisfied *all* of the requirements in § 3553(f). If the Court finds that the defendant has satisfied all of those requirements, the Court may—but is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply.

**8.    Defendant's Guideline Range**

**A.    Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

**B.    Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is

16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2D1.1(c)(4) on Count 5 – Level 28: 8.071 kgs cocaine; 989 grams fentanyl (converted drug weight = 4,087 kgs), level 32, §2D1.1(a)(5)(i) – minus 2 levels – mitigating role adjustment; §2D1.1(b)(18) – minus 2 levels – safety valve.

- §3B1.2(b) on Count 5 – minus 2 levels - minor participant.

- § 2S1.1(b)(2)(B) on Count 8 – plus 2 levels – 1956 offense.

The parties have no other joint recommendations as to the defendant's guideline calculation.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.     Imposition of Sentence

### A.     Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

### B.     Imprisonment

#### 1.     Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

#### 2.     No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

The parties have no agreement as to supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Forfeiture

Pursuant to 21 U.S.C. § 853, the defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from proceeds traceable to defendant's violation of 21 U. S. C. § 841 in Count 5 of the Indictment, and/or constitutes property used, or intended to be used to commit, or to facilitate, the commission of such violation.

Further, the Defendant agrees, pursuant to 18 U.S.C. § 982(a)(1), to the forfeiture of her interest to the United States in any property, real or personal, involved in the 18 U.S.C. § 1956(h) money laundering conspiracy, as charged in Count 8 of the Indictment.

Defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agrees that the forfeiture order will become final as to defendant at the time entered by the court. Defendant expressly waives her right to have a jury determine forfeitability of her

interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. Defendant also agrees that in the alternative, and in the government's discretion, to sign all documents necessary to forfeit her interest in the above-described property by civil judicial forfeiture.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives her right to challenge any failure by the Court to advise her of her rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant knowingly, voluntarily and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### G.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10.    Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the statutory maximum.

## 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.    Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw her guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction

or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon Jr.
United States Attorney

_____
Thomas Franzinger
Chief, Organized Crime
Assistant United States Attorney

_____
Caitlin Casey
Rajesh Prasad
Assistant United States Attorneys

Dated: 10/25/2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Edward Martell
Attorney for Defendant

_____
Dominque Glenn
Defendant

Dated: 12/4/25