

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAR 25 2026
CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

24-20667

v.

D-1 BRIAN MAURICE BROWN,
D-2 JOHN BRYANT,
D-3 ZION SPEED,
D-6 AKIA BROWN, and
D-7 JAMORAN EVERSON,

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1956(h)

Defendants.
_____/

## Superseding Indictment

The Grand Jury charges that:

### Count One
### Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
### 21 U.S.C. §§ 846 & 841(a)(1)

D-1 BRIAN MAURICE BROWN
D-2 JOHN BRYANT
D-3 ZION SPEED
D-7 JAMORAN EVERSON

From in or around October 2020, through on or about March 31, 2024, in the

Eastern District of Michigan, and elsewhere, the defendants, BRIAN MAURICE

BROWN, JOHN BRYANT, ZION SPEED, and JAMORAN EVERSON,

knowingly and intentionally combined, conspired, confederated, and agreed with

each other and with persons known and unknown to the Grand Jury, to distribute

and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to the defendant, BRIAN MAURICE BROWN, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i) and 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to the defendant, JOHN BRYANT, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 400 grams or

2

more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), and 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to the defendant, ZION SPEED, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to the defendant, JAMORAN EVERSON, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), and 400 grams or more of a mixture and substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

### Count Two
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. § 841(a)(1)

D-1 BRIAN MAURICE BROWN

On or about September 15, 2023, in the Eastern District of Michigan, the defendant, BRIAN MAURICE BROWN, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), and Title 18, United States Code, Section 2.

### Count Three
### Possession of Fentanyl with Intent to Distribute
### 21 U.S.C. § 841(a)(1)

D-1 BRIAN MAURICE BROWN

On or about September 15, 2023, in the Eastern District of Michigan, the defendant, BRIAN MAURICE BROWN, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in

4

violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi), and

Title 18, United States Code, Section 2.

### Count Four
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. § 841(a)(1)

D-3 ZION SPEED
D-7 JAMORAN EVERSON

On or about September 15, 2023, in the Eastern District of Michigan, the

defendants, ZION SPEED and JAMORAN EVERSON, knowingly and

intentionally possessed with intent to distribute a controlled substance, that is, 500

grams or more of a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(B)(ii).

### Count Five
### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

D-1 BRIAN MAURICE BROWN
D-6 AKIA BROWN

From in or around October 2020, through on or about March 31, 2024, in the

Eastern District of Michigan, and elsewhere, the defendants, BRIAN MAURICE

BROWN and AKIA BROWN, knowingly combined, conspired, and agreed with

each other and with other persons known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, to wit:

(1) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(2) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to

6

commit those offenses, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

All in violation of Title 18, United States Code, Section 1956(h).

## PRIOR CONVICTION ALLEGATIONS
### 21 U.S.C. §§ 841, 851

D-1 BRIAN MAURICE BROWN
D-2 JOHN BRYANT

Pursuant to the enhanced penalties under Title 21, United States Code, Sections 841, 846, and 851, the grand jury alleges the following:

1.      As it relates to Counts One, Two, and Three of this Superseding Indictment, the defendant, BRIAN MAURICE BROWN, (1) has a prior serious drug felony conviction; (2) served a term of imprisonment of more than 12 months for that conviction; and (3) was released from any term of imprisonment within 15 years of the commencement of the instant offense.

2.      As it relates to Count One of this Superseding Indictment, the

7

defendant, JOHN BRYANT, (1) has a prior serious drug felony conviction; (2) served a term of imprisonment of more than 12 months for that conviction; and (3) was released from any term of imprisonment within 15 years of the commencement of the instant offense.

## Forfeiture Allegations
## 21 U.S.C. § 853 and 18 U.S.C. § 982

The allegations contained in Counts One through Five of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 21, United States Code, Section 853(a), any defendant convicted of one or more offenses charged in Counts One through Four of the Superseding Indictment, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, violations of Title 21, United States Code, Section 846 and 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

Pursuant to Title 18, United States Code, Section 982(a)(1), the defendants convicted of the money laundering offense charged in Count Five of the Superseding Indictment shall forfeit to the United States of America any property,

8

real or personal, involved in such offense, and any property traceable to such property.

As part of the forfeiture in this case and upon conviction of the defendants, the United States intends to seek entry of forfeiture money judgments against the defendants representing the proceeds obtained by each defendant as result of their violations of Counts One through Four of the Superseding Indictment, and the value of the property involved in the violation of Count Five of the Superseding Indictment.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18,

9

United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**This is a True Bill.**

/s/ Grand Jury Foreperson
Grand Jury Foreperson

JEROME F. GORGON JR.
United States Attorney

/s/ Thomas Franzinger
Thomas Franzinger
Chief, Organized Crime Unit

/s/ Caitlin Casey
Caitlin Casey
Assistant United States Attorney

/s/ Rajesh Prasad
Rajesh Prasad
Assistant United States Attorney

Dated: March 25, 2026

10

| United States District Court Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 24-20667 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _CBN_ |

**Case Title:** USA v.  Brian Maurice Brown, et. al.

**County where offense occurred :**  Wayne, Oakland and others

**Check One:**    ☒ Felony              ☐ Misdemeanor              ☐ Petty

\_\_\_\_Indictment/\_\_\_\_Information --- **no** prior complaint.
\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [**Case number:**          ]
\_✓\_Indictment/\_\_\_\_Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 24-20667                    **Judge:**  Denise Page Hood

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| JAMORAN EVERSON | 21 USC §§ 846 & 841(a)(1) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 25, 2026                    s/Rajesh Prasad
      Date

Rajesh Prasad, Assistant U.S. Attorney
211 W. Fort St., Ste 2001
Detroit, MI 48226
Fax:   313-226-2311
E-Mail address: Rajesh.Prasad@usdoj.gov
Attorney Bar #: P68519

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.